NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MELINDA GABRIELLA VALENZUELA, *Plaintiff/Appellant*,

*v.*

JEREMY WEST, *Defendant/Appellee*.

No. 1 CA-CV 15-0781
FILED 10-27-2016

Appeal from the Superior Court in Maricopa County
No. CV2014-095051
The Honorable David K. Udall, Judge

**AFFIRMED**

COUNSEL

Melinda Gabriella Valenzuela, Buckeye
*Plaintiff/Appellant*

Grasso Law Firm, P.C., Chandler
By Terry Straughn, Robert Grasso, Jr.
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge John C. Gemmill[1] joined.

---

**W I N T H R O P**, Judge:

**¶1**      Melinda Gabriella Valenzuela appeals the trial court's order granting Jeremy West's[2] motion for summary judgment. Valenzuela argues that the trial court abused its discretion in granting summary judgment to West because Valenzuela never received West's request for admissions. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**      In December 2014, Valenzuela, then incarcerated at the state prison complex in Florence, filed a complaint alleging that she had been sexually assaulted by staff at Transitional Living Communities ("TLC").[3] Valenzuela alleged that the abuse caused physical injuries, including a broken arm and paralysis, and emotional and mental anguish. Valenzuela also claimed that TLC staff refused to return certain personal items to her after she left the facility.

---

[1]      The Honorable John C. Gemmill, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3, of the Arizona Constitution.

[2]      West is also referred to as Jeremy Bloeman and Jeremy West Bloeman throughout the trial court record.

[3]      Although Valenzuela's complaint did not reveal the names of the individuals against whom her allegations were made, the summons identified Maricopa County ("County"), Jeremy Bloeman, Mark Ross, Mike Owens, and Joseph Still as defendants. Similarly, Valenzuela's complaint did not identify the facility where the alleged events took place; however, West's first answer clarifies that Valenzuela was a resident at TLC in August 2012 and worked in the TLC office as a staff member.

**¶3** At the time Valenzuela filed her complaint, she was subject to a vexatious litigant administrative order that required her to obtain permission from the presiding judge in Maricopa County prior to filing any lawsuit there. The record is unclear as to whether Valenzuela was granted prior approval from the presiding judge as it pertains to her claims against West.[4] Nevertheless, West was served with the lawsuit in January 2015 and filed an answer shortly thereafter. In his answer, West stated that he had not seen or heard from Valenzuela since August 2012 and he had "no knowledge" of the alleged sexual assault. West later filed an amended answer through counsel, in which he denied "each and every" allegation in Valenzuela's complaint.

**¶4** On May 5, 2015, pursuant to Arizona Rule of Civil Procedure ("Rule") 36(a),[5] West served a request for admissions on Valenzuela at the Florence prison. West asked Valenzuela to admit, among other things, that West never abused her, that West never assaulted her, and that Valenzuela had no evidence to support her claims against West. Valenzuela did not respond to the request within the time frame required by Rule 36.[6] In June 2015, West moved for summary judgment, contending that, because Valenzuela failed to respond to his request for admissions, the requests were by operation of law deemed admitted, thereby eliminating any

---

[4] After this appeal was filed, the County moved to dismiss the complaint based on Valenzuela's failure to comply with the administrative order. Valenzuela subsequently informed the trial court that she did not oppose the County's motion, and the court dismissed the matter as to the County without prejudice.

[5] "A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request." Ariz. R. Civ. P. 36(a).

[6] Valenzuela later notified the court, with copy to West, that, on May 27, 2015, she would be transferred from Florence to Buckeye, Arizona.

genuine issue of fact and demonstrating that West was entitled to judgment as a matter of law.[7]

**¶5**        In August 2015, Valenzuela advised the court that she never received West's request for admissions. She later provided the court with a copy of inter-facility correspondence between herself and the mail officer at the Buckeye prison complex. Valenzuela contended that the mail officer's statement, confirming that certain legal mail had been delivered to Valenzuela on three occasions in June and July 2015, was proof that she had not received West's request for admissions.

**¶6**        Almost two months after West moved for summary judgment, Valenzuela requested the court grant her an extension of time up to September 21, 2015 to respond. The court granted the motion, and extended the deadline for Valenzuela's response to West's motion for summary judgment to September 21, 2015.[8]

**¶7**        Valenzuela did not timely respond to the motion, and on September 30, 2015, the trial court granted West's motion for summary disposition of his motion for summary judgment.[9] The formal judgment signed by the court contained Rule 54(b) certification. Valenzuela filed a timely notice of appeal. We have jurisdiction pursuant to Arizona Revised Statutes section 12-2101 (2003).

## ANALYSIS

**¶8**        As an initial matter, we note that Valenzuela has failed to cite to the record in her opening brief, which could constitute waiver as to the issues raised. *See* ARCAP 13(a); *Delmastro & Eells v. Taco Bell Corp.*, 228 Ariz.

---

[7]     West also argued that Valenzuela's claims were barred by a two-year statute of limitations for tort claims. Because the trial court did not abuse its discretion in granting West's motion for summary judgment based on Valenzuela's failure to timely respond to the motion, we do not address this issue.

[8]     Several weeks later, Valenzuela filed an "emergency" request to extend the response deadline. The court noted that an extension to September 21 had already been granted; accordingly, the court took no action concerning the latest request.

[9]     Valenzuela filed an untimely response to the motion for summary judgment on the same day the court issued its order.

134, 137 n.2, ¶ 7, 263 P.3d 683, 686 n.2 (App. 2011). Nor does she cite relevant legal authority. In the exercise of our discretion, however, we will consider the merits of her arguments. *See Delmastro*, 228 Ariz. at 137 n.2, ¶ 7, 263 P.3d at 686 n.2 (stating the appellate court may entertain deficient briefs on the merits).

**¶9** We review *de novo* the trial court's grant of summary judgment. *TWE Ret. Fund Trust v. Ream*, 198 Ariz. 268, 271, ¶ 11, 8 P.3d 1182, 1185 (App. 2000). Summary judgment is proper where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(a); *Orme Sch. v. Reeves*, 166 Ariz. 301, 305, 802 P.2d 1000, 1004 (1990).

**¶10** Valenzuela argues that the trial court abused its discretion in granting West's motion for summary judgment because she never received West's request for admissions; thus, in her view, the court erred in relying upon the facts deemed admitted by her failure to respond.

**¶11** To support her contention that she never received the Rule 36 requests, Valenzuela relies on a letter and mail log that lists her incoming mail at the *Buckeye* facility. The record indicates, however, that at the time the Rule 36 requests were served on Valenzuela, she was still incarcerated at the *Florence* facility. Accordingly, the letter and mail log from Buckeye are not relevant, nor do they create a genuine issue of fact as to whether Valenzuela did or did not receive such requests while she was in the Florence facility.

**¶12** Moreover, Valenzuela failed to timely respond to West's motion for summary judgment. As such, the court was well within its discretion in summarily granting the motion. *See* Ariz. R. Civ. P. 7.1(b) ("[I]f the opposing party [to a motion] does not serve and file the required answering memorandum, . . . such non-compliance may be deemed a consent to the denial or granting of the motion . . . ."). Further, as it relates to the merits of the motion, West had the initial burden to "point out by specific reference to the relevant discovery that no evidence existed to support an essential element of the claim." *See Orme*, 166 Ariz. at 310, 802 P.2d at 1009. West met that burden by showing that Valenzuela conceded the truth of specific facts by failing to respond to West's request for admissions within the required time frame. *See* Ariz. R. Civ. P. 36(a) ("[A] matter is admitted unless, within (40) days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.").

**¶13**  After West established that summary judgment was proper, the burden shifted to Valenzuela to show the existence of a genuine dispute of material fact. *See Nat'l Hous. Indus., Inc. v. E.L. Jones Dev. Co.*, 118 Ariz. 374, 377, 576 P.2d 1374, 1377 (App. 1978). The record demonstrates that, even after receiving the specific extension of time she requested from the trial court, Valenzuela failed to timely respond to West's motion for summary judgment.[10] In short, Valenzuela did not timely proffer any evidence showing that a genuine factual dispute existed. *See Berry v. Robotka*, 9 Ariz. App. 461, 466, 453 P.2d 972, 977 (1969) (stating that the opponent to a motion for summary judgment cannot simply rest on her pleadings, but instead must "come forward with a showing that there is competent evidence so as to create a factual issue for the trier of fact").

**¶14**  Accordingly, on this record, the trial court did not abuse its discretion in granting West's motion for summary judgment. *See Orme*, 166 Ariz. at 310, 802 P.2d at 1009 ("If the party with the burden of proof on the claim or defense cannot respond to the motion by showing that there is evidence creating a genuine issue of fact on the element in question, then the motion for summary judgment should be granted.").

## CONCLUSION

**¶15**  For the following reasons, we affirm the trial court's grant of summary judgment.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[10] We note that Valenzuela, having been a named party in over 100 lawsuits, is an experienced litigant.